■        CHRISTINA KAMHOLZ, Appellant, v. HOWARD W. KAMHOLZ, Respondent.— The action herein having been discontinued, the appeal is dismissed as academic. (Appeal from order of Erie Trial Term, denying motion for withdrawal of attorney.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■        THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMMIT COLLIER, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing in accordance with the following Memorandum: The only meritorious question raised by this *coram nobis* proceeding is defendant's contention that he should have had a hearing on his claim that at the time of the acceptance of his guilty plea he was mentally incapable of understanding the charge or of joining in his own defense. Although testimony was taken prior to the plea on the motion to confirm the psychiatric report, and no objection to its receipt was made by defendant or his assigned attorney, the order confirming the report recites only the findings of two psychiatrists on the hospital staff. It makes no mention of a letter and affidavit received in evidence at the hearing, defendant's exhibit " C ", which were signed by the Chief Psychiatrist of the same hospital and in which affidavit the deponent states unequivocally " That psychiatric examination reveals a severe mental illness which is of such a nature as to cause him (defendant) to be unable to understand the charges against him and to participate in his own defense. That it is consensus of opinion this man needs prolonged treatment in a mental hospital". The order confirming the report that defendant was not insane is dated January 7, 1965 and he was sentenced on his plea of guilty on June 15, 1965. During that period defendant on two occasions pleaded guilty and each time was permitted to withdraw his plea and in his applications to do so referred to his mental problems. He was represented by three different assigned counsel during this interim. Although defendant, without the assistance of counsel, has made an application for a writ of habeas corpus and has had two *coram nobis* proceedings, in all of which he has raised the issue of his alleged defective mental condition at the time of his plea, he has never been given a hearing. Defendant was transferred to Dannemora State Hospital for the Criminal Insane on May 6, 1966. The petition and the court records are sufficient to require a hearing to determine the question of the mental capacity of defendant at the time of his plea of guilty and sentence thereon. (See, *People v. Boundy,* 10 N Y 2d 518; *People v. Henderson,* 22 A D 2d 759; *People v. Langfelt,* 21 A D 2d 267; *People v. Passante,* 15 A D 2d 631.) (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for grand larceny, second degree, rendered June 15, 1965.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■        BRIDGET LA TONA et al., Appellants, v. WILLIAM HENGERER Co. et al, Defendants, and JOSEPH S. FERRARO, Respondent.— Order unanimously modified to permit plaintiffs leave to serve an amended complaint against the defendant Ferraro within 20 days from the date of service of a copy of the order to be entered herein, with notice of entry thereof, and as so modified, order affirmed, with costs to respondent Ferraro. Memorandum: In the interest of justice we grant leave to serve an amended complaint. (Appeal from an order of Erie Special Term granting motion to dismiss complaint in negligence action.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.